# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

    Plaintiff,

vs.                                                                                                                     No. CR 16-3485 JB

ABNER JOE

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Formal Objections and Corrections to the Pre-Sentence Report, filed October 5, 2017 (Doc. 60)("Objections"). The primary issue is whether Defendant Abner Joe's base offense level for forcibly and intentionally assaulting a federal officer with a deadly weapon should be assessed under U.S.S.G. § 2A2.2 or § 2A2.4. See Objections at 3-4 ("§2A2.2 Objections"); Addendum to the Presentence Report, filed October 6, 2016 (Doc. 62)("Addendum."). Joe argues that his base offense level should be 10 under § 2A2.4, not 14 under U.S.S.G. § 2A2.2, because "no serious bodily injury was incurred" and because he lacked the intent required for U.S.S.G. § 2A2.2. Objections at 4. The United States Probation Office ("USPO"), in contrast, notes that his base offense level should be 14 under § 2A.2.2, because § 2A2.4(c)(1) indicates that, if the conduct constituted aggravated assault, § 2A2.2's base offense level is appropriate. Addendum at 1. The USPO concludes that Joe's conduct amounted to aggravated assault, because Joe "forcibly and intentionally assaulted a federal officer, which involved physical contact," in addition to causing "bodily fluid [to] contact . . . the victim's face." Addendum at 1-2.

The Court concludes that it will overrule Joe's 2A2.2 Objections. The Court determines that, because Joe retained enough coordination that evening to throw a hammer, pull taser probes from his body, and lift a two by four wooden board, he was alert enough to meet § 2A2.2's moderate intent requirement.

## FACTUAL BACKGROUND

Joe's Indictment and subsequent plea agreement arise from the following facts and circumstances. Joe became drunk one night and caused such a disturbance that his mother called the Navajo Nation Police. See Presentence Investigation Report ¶ 11, at 5, filed September 25, 2017 (Doc. 58)("PSR"). When the officers arrived, they found Joe hiding under a tarp, and Joe told them: "Get away from me I have a gun I'm going to shoot you." PSR ¶ 12, at 5. Joe then told them he had an M16 rifle. See PSR ¶ 12, at 5.[1] As the officers approached, Joe threw a hammer at them. See PSR ¶¶ 13-14, at 5.[2] The officers attempted to tase Joe, but Joe pulled the taser probe off of him, lifted a 2"x4" wooden board, and said to the officers: "You guys are scared, you come here." PSR ¶ 13, at 5. One officer told Joe to get down on the ground, or he would tase Joe. See PSR ¶ 13, at 5. Joe complied and the officers arrested him. See PSR ¶ 13, at 5. As the officers drove him away, Joe yelled obscenities at them, and, when he arrived at the correctional facility, Joe spit on an officer. See PSR ¶¶ 14-15, at 5.

---

[1]Joe objects to this fact stating that the police noted "that they were able to observe that Mr. Joe did not have a firearm." Objections at 1. This objection, if true, does not change the Court's subsequent analysis.

[2]Joe objects to this fact stating that investigators who interviewed the officers wrote that "the object was thrown 'in the area of the officers,'" not that the hammer was "thrown at the officers." Objections at 2. Joe's Admission of Facts in his Plea Agreement, however, directly contradicts this statement as Joe states in it: "I threw a hammer, which can be a deadly or dangerous weapon, at one of the officers." Plea Agreement at 4, filed July 12, 2017 (Doc. 55)("Plea"). His objection, however, even if true, does not change the Court's subsequent analysis.

**ANALYSIS**

Under U.S.S.G. § 2A2.2, a base offense level of 14 applies for conduct that amounts to "aggravated assault." U.S.S.G. § 2A2.2. In relevant part, "Aggravated Assault" is defined as "a felonious assault that involved (A) a dangerous weapon with intent to cause bodily injury (i.e., not merely to frighten) with that weapon. . . ." U.S.S.G. § 2A2.2 Application Note 1. A "dangerous weapon" is "an instrument capable of inflicting death or serious bodily injury" and "includes any instrument that is not ordinarily used as a weapon (e.g., a car, a chair, or an ice pick) if such an instrument is involved in the offense with the intent to commit bodily injury." U.S.S.G. §§ 1B1.1 Application Note 1(D), 2A2.2 Application Note 1.

In contending that U.S.S.G. § 2A2.2 does not apply to him, Joe argues that "no serious bodily injury was incurred" and he lacked the requisite intent, because his "impaired condition precluded him" from forming the required intent. Objections at 4. Joe's argument that U.S.S.G. § 2A2.2 is inapplicable, because no serious bodily injury occurred, does not persuade the Court. By its plain language U.S.S.G. § 2A2.2 does not require serious bodily injury. See U.S.S.G. § 2A2.2 Application Note 1; United States v. Rue, 988 F.2d 94, 96 (10th Cir. 1993)("§ 2A2.2 should be utilized if a dangerous weapon was in fact used with intent to do a bodily harm."). It is true that one of § 2A2.2's enhancements requires evidence of serious bodily injury, see U.S.S.G. § 2A2.2(b)(3), but the base offense level does not, see U.S.S.G. § 2A2.2(a).

Regarding Joe's second argument, that he lacked the requisite intent because he was intoxicated, the Court concludes that U.S.S.G. § 2A2.2 still applies to Joe's actions. Under U.S.S.G. § 2A2.2, "intent to cause bodily injury [is] a low barrier." United States v. Rodella, No. 14-2783, 2015 WL 711941, at *17 (D.N.M. Feb. 15, 2015)(Browning, J.). The Tenth Circuit has concluded that, even when intoxicated, an individual can form the requisite intent for

U.S.S.G. § 2A2.2 when the person's actions have signs of coordination. See United States v. Antone, 461 F.App'x 815, 817-18 (10th Cir. April 5, 2012)(unpublished)(concluding that a person with a .197 blood alcohol content formed the requisite intent for U.S.S.G. § 2A2.2, in part, because he "appear[ed] to have control of his actions . . . [and] displayed no signs of difficulty walking").³ Several other Courts of Appeal have reached similar conclusions. See United States v. Guardipee, 370 F.App'x 858, 859 (9th Cir. March 12, 2010)(unpublished); United States v. Osborne, 164 F.3d 434, 438, 440 (8th Cir. 1999).

Here, Joe was not so intoxicated that he lacked the requisite intent to cause bodily injury. First, he threw a hammer, which Joe admits was a dangerous weapon. See Plea Agreement at 4, filed July 12, 2017 (Doc. 55)("Plea")("I threw a hammer, which can be a deadly or dangerous weapon, at one of the officers"). The Court concludes that a thrown hammer could cause bodily injury and that it is dangerous weapon under U.S.S.G. § 2A2.2. Second, there is evidence that Joe still retained a measure of coordination. He was deft enough to pull the taser probes from his body, and was coordinated enough to lift a two by four wooden board. See PSR ¶ 13, at 5. Although Joe argues that he could not have formed the required intent, because he "could not even recall the events of the night," there is no evidence that Joe lacked normal physical dexterity. Objections at 4. No one noted, for example, that Joe slurred his speech or walked

---

³United States v. Antone, is an unpublished Tenth Circuit opinion, but the Court can rely on an unpublished Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated: "In this circuit, unpublished orders are not binding precedent, . . . and . . . citation to unpublished opinions is not favored . . . . However, if an unpublished opinion . . . has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision." United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that United States v. Antone, has persuasive value with respect to a material issue, and will assist the Court in its preparation of this Memorandum Opinion and Order.

unevenly.  In addition, Joe's Admission of Facts supports an interpretation that he retained coordination.  See Plea at 4.  He notes that one of the officers "shot me with a Taser, and I was not shocked, but put down the board and followed their commands at that point."  Plea at 4.  From those facts, it does not appear that Joe was drunken and out of control, but responsive and retained some power over his actions.  The Court, accordingly, concludes, by a preponderance of the evidence, that the correct base offense level should be 14 as directed by U.S.S.G. § 2A2.2(a).[4]

The Court's determination that U.S.S.G. § 2A2.2 applies moots Joe's remaining objections.  He argues that U.S.S.G. § 2A2.2's enhancements and § U.S.S.G. § 3A1.2(B)'s victim enhancement are inapplicable, because his actions do not constitute an aggravated assault.  See Objections at 5.  The Court concludes, however, that he has committed an aggravated assault.  Accordingly, the Court will overrule these objections.

**IT IS ORDERED** that the Defendant's Objections to the application of U.S.S.G. § 2A2.2 in his Formal Objections and Corrections to the Pre-Sentence Report, filed October 5, 2017, (Doc. 60), are overruled.

_____
UNITED STATES DISTRICT JUDGE

---

[4] Even if the hammer was only thrown in the area of the officers, instead of at the officers, the Court's conclusion remains unchanged.  There is still enough evidence that Joe had the requisite intent for U.S.S.G. § 2A2.2.

*Counsel*:

United States Attorney

Michael D Murphy
   Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

     *Attorney for the Plaintiff*

Ahmad Assed
Richard J Moran
Law Office of Ahmad Assed
Albuquerque, New Mexico

     *Attorney for the Defendant*